## TRULOCK *et al.* v. DONAHUE.

1. **Mortgage**: OF REAL ESTATE, WITH ASSIGNMENT OF RENT: RECORD-ING: NOTICE AS TO RENT. Rents of real estate are not real estate; and a real estate mortgage, in which the rents of the building are assigned to the mortgagee, does not, by being recorded as a real-estate mortgage only, impart constructive notice to the lessee of the mortgagee's interest in the rents. What the effect of record-ing the instrument also as a chattel mortgage would have been, is not determined.

2. ——: ——: NOTICE TO SUB-LESSEE: LESSEE NOT BOUND. In such case, actual notice to the sub-lessee of the buildings of the assignment of the rents would not bind the lessee, unless the sub-lessee was the lessee's agent when he received such notice.

*Appeal from Des Moines District Court.*—HON. CHARLES H. PHELPS, Judge.

FILED, DECEMBER 18, 1888

THE facts are stated in the opinion

*Kelley & Cooper* and *P. Henry Smyth & Son*, for appellant.

*Seerley & Clark* and *A. H. Stutsman*, for appellees.

SEEVERS, C. J.—Rebecca and Samuel T. Edmonds were indebted to the plaintiffs, to secure which they executed a mortgage on real estate to the plaintiffs. The mortgage contains the provision: "And we hereby convey all buildings upon said premises, and assign the rents and profits, to the grantees herein, for the purpose of applying the same on their said claim." The mort-gage was indexed and recorded as a mortgage on real estate only. The defendant leased the premises of Mrs. Edmonds, one of the mortgagors, and the plaintiffs seek in this action to recover the rent due under the lease, and apply the same in satisfaction of the mortgage. The defendant claims that he has a valid defense, in whole or in part, against the claim for rent as against Mrs. Edmonds, and also the plaintiffs. The court found for the plaintiffs, and rendered judgment accord-ingly, and the defendant appeals.

Trulock v. Donahue.

I. The plaintiffs offered to introduce the mortgage in evidence, to which the defendant objected, but the objection was overruled; and in so ruling we think the court erred. It will be conceded that the mortgage between the parties thereto amounted to an assignment of the rents to the mortgagees; but, as we understand the record, it was introduced in evidence to show that the defendant had constructive notice of such assignment, or that the rents had been mortgaged as security for the payment of the amount due the plaintiffs by the mortgagors. In other words, the claim of the plaintiffs is that where a mortgage on real estate includes an assignment of the rents of the real estate, and the mortgage is indexed and recorded as a real-estate mortgage, such indexing and recording creates constructive notice to all the world that the rents have been so assigned or mortgaged. Such a provision in a real-estate mortgage is unusual in this state, and we do not think constructive notice that the rents have been so pledged can be thus imparted. Rents are not real estate, and certainly have not been so regarded. Clearly, we think, when a person rents real estate he is not chargeable with constructive notice that such rents have been assigned in a mortgage given on the real estate, which has been indexed as a real-estate mortgage only. What the effect would be if the mortgage had been indexed as a chattel mortgage, or as a mortgage of the rents, we have no occasion to determine

1. MORTGAGE: of real estate, with assignment of rent: recording: notice as to rent.

II. As we understand, the defendant did not occupy the premises, but the same were occupied by one Edmonds under an arrangement between him and the defendant. The plaintiff, when on the stand as a witness, against the objection of the defendant, was permitted to testify that Edmonds had knowledge that the mortgage embraced the rents. This evidence was immaterial, unless the knowledge of Edmonds bound the defendant. The knowledge of Edmonds could not have this effect, unless, at the time he obtained it, he was the agent of

2. ——:——: notice to sub-lessee: lessee not bound.

the plaintiff. As we understand, Edmonds was not the agent of the plaintiff at the time he obtained such knowledge, and therefore the evidence above referred to was erroneously admitted. The judgment of the district court is

REVERSED.