T. J. TRULOCK *et al.*, Appellees, v. W. J. DONAHUE, Appellant.

Action for Rent: ASSIGNMENT OF LEASE: MORTGAGE: EVIDENCE.

*Appeal from Des Moines District Court.*—HON. J. M. CASEY, Judge.

THURSDAY, MAY 26, 1892.

FEBRUARY 17, 1885, Rebecca Edmunds and Samuel T. Edmunds, her husband, made to the plaintiffs their promissory note for two hundred and thirty-six dollars and twenty-five cents, and secured the same by a mortgage on a lot in West Burlington.  A clause of the mortgage is as follows:  "And we hereby  *  *  *  assign the rents and profits to the grantees herein for the purpose of applying the same on their claim." On the twenty-fourth of March, 1885, Rebecca Edmunds leased the premises to the defendant at an agreed price of ten dollars per month, who occupied them, as alleged in the petition, until there was due the sum of two hundred and thirty dollars, and this action is to recover therefor.  There was also an assignment of the lease from Rebecca Edmunds to the plaintiff, T. J. Trulock.  This action is to recover the rents accrued.  The answer is a denial of the allegations of the petition, and a plea of payment to Rebecca Edmunds without knowledge of the assignment or claim of the plaintiffs.  The issues were submitted to a jury that returned a verdict for the plaintiffs for two hundred and ninety-two dollars and sixty-one cents.  The defendant appeals.—*Affirmed.*

*Kelley & Cooper* and *P. Henry Smyth,* for appellant.

*Seerley & Clark* and *A. H. Stutsman,* for appellees.

GRANGER, J.—I.  The appellant states, and presents many authorities tending to establish, the following propositions:  "So long as the mortgagor is allowed to remain in possession without an actual entry by the mortgagee, although there has been a breach in the conditions of the mortgage, he is entitled to receive the rents and profits to his own use. If the premises are under lease, the right of the mortgagor in possession to the rents is the same, whether the lease was made before or after the mortgage.  He may lawfully receive the rents until the mortgagee interferes, and he receives them to his own absolute use, and not for the use of the mortgagee.  A mortgagee has no specific lien on the rents and profits of the mortgaged land unless he has, in the mortgage, stipulated for a specific pledge of them as part of his security, and even then he has no claim upon them

until he has the right to take possession under the mortgage. Until the mortgage debt is due he is not entitled to have a receiver of such rents appointed. The tenant may safely continue to pay rent to the mortgagor until he receives notice from the mortgagee of his requirement that the rents be paid to him." To our minds, these propositions do not demand our consideration.

The district court, from the facts as disclosed upon the trial, said to the jury· "It is conceded by both parties that there is only two hundred and forty-two dollars of the rents in issue, and you should find for the plaintiffs the whole amount thereof unless the defendant has established one or both of his defenses thereto." The defenses referred to are: "*First*. That by an agreement with Samuel T. Edmunds, he, the defendant, furnished him a quantity of goods to be sold from the building on the premises, and that the conditions were that Edmunds was to sell the goods, receiving to himself the profits, and paying to the defendants the cost of the goods; and that during the period that the building was so used there was to be no rent paid by the defendant for the building, and that it was so used for nine months, whereby ninety dollars of the rent was paid. *Second*. As to the remaining one hundred and fifty-two dollars it is averred, that, of the goods furnished to Edmunds for sale, he took, for the use of his family, that amount in value, for which Rebecca Edmunds became liable as for necessaries used in the family."

If these payments were not made to Rebecca Edmunds, there is no question but that the defendant owes the two hundred and forty-two dollars of rent to some person. There can be no question but that the rents were assigned to the plaintiffs by the terms of the mortgage, or to T. J. Trulock by the assignment of the lease, if not in fact by both. If there has been no payment to Rebecca Edmunds, surely the defendant owes the amount of the rent to her assignees, the plaintiffs. The case does not involve the question of the right of Mrs. Edmunds to the rents before the maturity of the mortgage or otherwise, for she makes no such claim, and was a witness on the trial. The record is, indeed, conclusive as to the defendant's liability, unless he paid the debt to Mrs. Edmunds. This is the view upon which the district court submitted the case to the jury, and we think correctly so. The appellant asked some instructions in accordance with the propositions of law as claimed, which, with the condition of the record, were properly refused. The instructions need not be set out.

II. The mortgage was admitted in evidence against the objections of the defendant, of which ruling complaint is made. The case was before in this court. *Trulock v. Donahue*, 76 Iowa, 758. It is there held, that the mortgage was not constructive notice of the assignment of the rents, and that it was error to introduce it for that purpose, as appeared to be the case. It is very manifest from the record that the purpose of the introduction at that time was not to show notice, but the fact of the assignment, for the answer puts in issue that fact. For that purpose the mortgage was proper evidence. The court, in · its instructions, gave the rule of the defendant's liability to the plaintiffs only upon the theory that would render the defendant liable if Rebecca Edmunds were the plaintiff.

Such a theory properly leaves out of view the question of making the payments without notice of the assignments. As the court stated the rule, if the payments were made, the defendant was not liable. As we understand, there was really no notice, and the cause was submitted with that view. Instructions asked as to the effect of the recording of the mortgage, and the failure to introduce testimony showing notice of the assignments, were properly refused.

III. Trulock, as a witness for the plaintiffs, testified as to what he did with the property, and of conversations that he had with Edmunds, which was objected to, and which the defendant moved to strike out as not rebuttal, incompetent, irrelevant, and confusing to the jury. As is very generally the case, there was testimony upon issues not finally submitted to the jury, and this was of that character. There is nothing in it that in reason could have influenced the jury on the question of payment and no prejudice resulted.

IV. The appellant asked an instruction to the effect that if S. T. Edmunds, in agreeing that no rent should be paid for the store while the goods were being sold there, was "acting for his wife," and no rent was demanded during such occupancy, then, for such period, there could be no recovery of rent. The court refused the instruction, but gave one better adapted to the testimony, in which it told the jury in effect that, if Mrs. Edmunds authorized such an agreement, or if, after it was made, she "ratified or consented to it," she would be bound by it. We think the instruction given more favorable to the defendant than the one refused.

V. The appellant says: "The court erred in not allowing Donahue to offset his bill for groceries furnished the Edmunds family against the rent accruing." It is not to be said under the state of the evidence that the groceries, after being delivered to Edmunds, belonged to Donahue. It is certainly a question whether or not the transaction was not a sale of the goods to Edmunds for the wholesale price. In fact, many circumstances indicate such a transaction, while others favor the other conclusion. The court instructed the jury to find to whom the goods belonged, and, if to the defendant, the jury was told that the verdict on this branch of the case should be for him. The rule as given is correct. The jury must have found that the goods belonged to Edmunds, and the finding is conclusive of a number of questions as to which error is claimed. It may here again be said that if the goods belonged to Edmunds, the matter of notice of the assignment is without significance in the case. The court, in some particulars, in the instructions, speaks of the notice and payments before it, but in specifying the facts on which the conclusion of payment is to be based, and the effect of the payment, no importance is given to the fact of the notice.

It is not important to consider other questions, and the judgment is AFFIRMED.