SIMONDS, RECURRENTE, *v.* EL REGISTRADOR DE HUMACAO,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Pro-
piedad de Humacao, denegando la inscripción de una es-
critura de cesión de canon de arrendamiento.

No. 226.—Resuelto en junio 23, 1915.

ARRENDAMIENTO—CESIÓN DE CÁNONES—OBLIGACIÓN PERSONAL—DERECHO REAL.—
El derecho que tiene un arrendador para recobrar las rentas o cánones del
arrendatario es puramente una obligación personal entre dicho arrendador
y el arrendatario y no un derecho real y por consiguiente no es inscribible
en el registro de la propiedad la cesión o traspaso de tales rentas o cánones
del arrendamiento. Véase *Banco Territorial y Agrícola et al.* v. *El Registra-
dor de Caguas,* 19 D. P. R., 1037.

ID.—DERECHO CONFERIDO POR EL PÁRRAFO 5º., ARTÍCULO 2º. DE LA LEY HIPOTE-
CARIA.—El derecho conferido por el párrafo 5º. del artículo 2º. de la Ley
Hipotecaria es el de "salvar los intereses de los arrendatarios" y no crea
derechos en el arrendador.

ID.—INSCRIPCIÓN DEL CONTRATO DE ARRENDAMIENTO—DERECHOS DEL ARRENDADOR—
TERCEROS.—Por la inscripción del contrato de arrendamiento el propietario
no adquiere ningún derecho que antes no tuviera.

DERECHO REAL DE POSESIÓN—CESIÓN DEL DERECHO—DERECHO A PERCIBIR UN
PAGO DETERMINADO.—La cesión de un derecho real de posesión debe ser
expresa y no nace del derecho a percibir un pago determinado.

ARRENDAMIENTOS—CESIÓN DE CÁNONES—DERECHOS DEL CESIONARIO—INSCRIPCIÓN
DEL ARRENDAMIENTO.—El derecho de un cesionario de cánones de arrenda-
miento para protegerse contra otros cesionarios de dichos cánones no nace
directamente de la Ley Hipotecaria, y no puede ser conferido por el hecho
de estar inscrito el arrendamiento. Un cesionario puede, sin embargo, pro-
tegerse haciendo que el dueño le otorgue escritura ya por medio de una cesión
de todos los derechos reales del dueño por tiempo determinado, o por hipoteca,
o en otra forma.

ID.—RIESGOS DEL CESIONARIO—INCUMPLIMIENTO DE CONTRATO.—El cesionario de
cánones de arrendamiento siempre debe asumir el riesgo de que termine el
arrendamiento por incumplimiento de la condición.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sres. Muñoz y Brown.*

El registrador recurrido, Sr. Miguel Planellas, no com-
pareció.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tri-
bunal.

En este caso el registrador denegó la inscripción de una cesión de canon de arrendamiento de una finca, fundándose sustancialmente en que el derecho que tiene el arrendador para cobrar las rentas de su arrendatario, es puramente una obligación personal entre dicho arrendador y el arrendatario y no un contrato o derecho real, y por consiguiente no es inscribible en el registro de la propiedad. El registrador se basa en parte en la resolución dictada por este tribunal en el caso de *Banco Territorial y Agrícola* v. *El Registrador de Caguas,* 19 D. P. R., 1037.

Harold I. Sewall, dueño de la finca "San Antonio," arrendó ésta a la Borinquen Sugar Company. El contrato de arrendamiento fué constituído en documento público otorgado en 29 de marzo de 1911, por un término de 15 años y precio de $5,000 anuales, pagaderos por semestres vencidos el 30 de junio y 31 de diciembre de cada año. En el documento a que se contrae este recurso el referido Harold I. Sewall hace cesión o traspaso del canon de arrendamiento que vencerá el día 30 de junio de 1915.

En el caso de *Banco Territorial y Agrícola* v. *El Registrador de Caguas, supra,* esta corte resolvió que la cesión hecha al banco del derecho de cobrar cánones de arrendamiento, era un contrato de carácter puramente personal y no un derecho real comprendido en la Ley Hipotecaria. El recurrente trata en primer lugar de establecer una diferencia entre dicho caso y el presente, alegando al efecto que en el primero no existía en el registro de la propiedad la inscripción del arrendamiento como sucede en este caso. Promueve la cuestión de si la inscripción de un contrato de arrendamiento en el registro puede tomar el carácter de derecho real en lo que respecta a una de las partes y no en cuanto a la otra. Podemos prescindir por el momento de la confusión en que está el recurrente acerca del derecho que tiene el cesionario de un solo canon de arrendamiento y todos los derechos de propiedad que el dueño o propietario pueda tener,

y consideraiemos en primer término cuál es el derecho conferido por el párrafo 5°. del artículo 2 de la Ley Hipotecaria.

Los Señores Galindo y Escosura al comentar dicho precepto legal se expresan como sigue:

"En la exposición de motivos se consignan los que tuvo la comisión para establecer este precepto, y que pueden resumirse en una frase: salvar los intereses de los arrendatarios."

Las resoluciones de la Dirección General de los Registros de España se pronuncian en igual sentido, o sea, que el contrato de arrendamiento puede dar lugar a un derecho real, siempre favorable para el arrendatario. Resoluciones de abril 6, 1891, y diciembre 28, 1892. Odriozola, páginas 102–103. La cita que hace el recurrente de la resolución de mayo 20, 1879, no milita en contra de la teoría que sustenta el registrador, pues dicha resolución revela que la inscripción constituía una limitación en perjuicio de los sucesivos adquirentes. Esto no es sino el modo inverso de expresar que el derecho está en favor del arrendatario. También la resolución de agosto 30, 1893, (Odriozola, página 104) demuestra que la inscripción es una limitación, pues una madre que tiene la administración de los bienes de su hijo no puede crear semejante derecho real mediante un contrato de arrendamiento que pueda resultar en perjuicio del hijo, a menos que sea con la previa aprobación de la corte.

Por la inscripción del arrendamiento el propietario no adquiere en absoluto ningún derecho que antes no tuviera. No tiene ningún derecho mayor de reversión, posesión, o para recibir el precio estipulado para el arrendamiento tal como éste se define en el artículo 1446 del Código Civil, ni necesita protección contra terceros. Su derecho a recobrar la posesión por infracción del contrato de arrendamiento es tan válido antes como lo es después de verificada la inscripción. La inscripción en nada le protege o favorece. Creemos que es claro que el párrafo 5°. del artículo 2 de la Ley Hipoteca-

ria no solamente no crea ningún derecho real en el dueño, sino que no crea ningún derecho.

El recurrente cita el artículo 30 del Reglamento de la Ley Hipotecaria, el cual es como sigue:

"Lo dispuesto en el párrafo quinto del artículo 2°. de la ley respecto a la inscripción de los contratos de arrendamiento será también aplicable a los de sub-arriendo, subrogaciones, cesiones y retrocesiones de arrendamiento, siempre que tengan las circunstancias expresadas en dicho párrafo; pero debiendo hacerse en tales casos, no una inscripción nueva, sino un asiento de nota marginal a la inscripción que ya estuviese hecha del arrendamiento primitivo."

Como puede verse, ese artículo simplemente hace referencia a los sucesivos traspasos del arrendamiento y protege esencialmente al arrendatario o arrendatarios subsiguientes.

Debe observarse de paso, aun cuando dicho artículo 30 fuera de aplicación, que el mismo requiere que los contratos a que se refiere tengan todas las circunstancias expresadas en el párrafo 5°. La cesión verificada en este caso no es por seis años, ni existe tampoco ningún convenio para su inscripción, ni ningún otro elemento por el que pueda inscribirse un contrato de arrendamiento. No hay sino una cesión de un solo canon de arrendamiento.

Sostiene el recurrente que el cesionario está subrogado en todos los derechos del arrendador en cuanto al canon de arrendamiento cedido. Cita el artículo 1431 del Código Civil el cual meramente confiere al cesionario el beneficio de cualquier garantía que tenía el primitivo dueño. También nos llama la atención, y creemos que erróneamente, hacia el caso de *Godehaux* v. *Bannon,* 44 La. Ann., 253. En ese caso sólo se resuelve que el comprador de bienes inmuebles tiene un derecho igual al que tenía su primitivo dueño. El artículo 1459 del Código Civil que ha sido citado no tiene relación alguna con la cancelación de inscripciones como alega el recurrente. Se hacen otras varias citas del Código Civil y de la Ley Hipotecaria en todas las cuales se trata de sostener

la teoría de que el cesionario de cánones de arrendamiento está subrogado en todos los derechos del primitivo arrendador·para todos sus efectos.

Las palabras pertinentes del contrato que ha sido sometido a nuestra consideración son las siguientes: "Mr. Harold Sewall cede y traspasa a favor del otro compareciente Mr. Walter· A. Simonds, todos los derechos y acciones que como dueño arrendador le corresponden para recibir de la arrendataria, Borinquen Sugar Company, el semestre de arrendamiento de la finca que se ha descrito y que vence el día 30 de junio del corriente año 1915, subrogando al cesionario en su· propio lugar y grado para el cobro del mencionado canon de arrendamiento, y para el otorgamiento del correspendiente recibo." Las palabras no confieren al Sr. Simonds el ·derecho de posesión por incumplimiento de condición que correspondía al Sr. Sewall. Con ellas meramente se cede el derecho personal a recobrar que tenía Sewall. Sewall no ha renunciado a ninguno de sus demás derechos como dueño. La cesión de un derecho real de posesión debe ser expresa y no nace del derecho a percibir un pago determinado.

También sostiene el recurrente que desde el momento que la Ley Hipotecaria se apartó de la doctrina del Derecho Romano en cuanto al contrato de arrendamiento deben aceptarse las consecuencias y alcance de la doctrina de la Ley Común y conceptuar las rentas derivadas de dicho arrendamiento como un derecho incorporal (*incorporeal hereditament*) de carácter real. Hemos hecho esfuerzos por determinar con precisión lo que se quiso expresar por derecho incorporal (*incorporeal hereditament*) de arrendamiento, aunque sin éxito alguno. Pero un derecho incorporal es uno que nace de una cosa corpórea, ya sea ésta real o personal. 32 Cyc., 659, donde se cita el tomo 2 de los Comentarios de Blackstone, página 20. Los oficios, dignidades, franquicias, pensiones,' todos serían probablemente de naturaleza personal. También podrían ·serlo así las rentas, pues nada nos consta en contrario. El derecho incorporal ordinario surgió debido

a la forma de la herencia, de acuerdo con la ley relativa a los bienes inmuebles más bien que la ley sobre propiedad mueble. Además, los casos reportados parecen demostrar que cuando se creaban rentas con independencia de la propiedad de los bienes, el dueño traspasaba todo el período del arrendamiento y sólo retenía sus derechos a volver a la posesión cuando se termine el arrendamiento. *Van Wicklen* v. *Paulson,* 14 Barbour, 654; *Swan* v. *Inderlied,* 187 N. Y., 372; *Iowa Savings Bank* v. *Frink,* 92 N. W., 916; *Trulock et al.* v. *Donohue,* 40 N. W., 696; 24 Cyc., 126, 128. De todos modos el presente caso no se regula por la doctrina de la Ley Común sino por la del Código Civil y de la Ley Hipotecaria.

El recurrente sugiere otra dificultad. Puede hacerse una cesión de cánones de arrendamiento por virtud de un arrendamiento inscrito y no saber nunca el subsiguiente adquirente nada acerca de dicho traspaso y no tener derecho a cobrar rentas por el término que ha sido inscrito. No tenemos necesidad de considerar extensamente cuáles serían los derechos de dicho adquirente, pero asumiendo que el recurrente está en lo cierto, entonces dicho comprador tiene los mismos derechos y obligaciones que cualquier comprador de bienes inmuebles en los Estados Unidos. Allí el comprador adquiere con sujeción al arrendamiento y está obligado a tomar informes en cuanto a la existencia y condiciones de dichos arrendamientos. El remedio que tiene por cualquier falsedad relativa a la condición del arrendamiento es contra el primitivo dueño o el de pedir la rescisión. En tales circunstancias el comprador debe tomar precauciones. Si tiene razón el recurrente él como cesionario no tiene que temer por los futuros compradores. En verdad, sin embargo, que el verdadero objeto de un cesionario sería el de protegerse contra los subsiguientes traspasos del mismo canon de arrendamiento. El derecho de un cesionario de cánones de arrendamiento a protegerse contra otros cesionarios de dichos cá-

nones no nace directamente de la Ley Hipotecaria y no puede ser conferido por el hecho de estar inscrito el arrendamiento. Un cesionario puede, sin embargo, protegerse haciendo que el dueño le otorgue escritura ya por medio de una cesión de todos. los derechos reales del dueño por tiempo determinado o por hipoteca o en otra forma.

¿Cuál sería la situación estando inscrito el arrendamiento si la renta fuera pagadera a plazos, como en este caso, y cada uno de los cánones se vendiera o traspasara a una persona distinta? La alegación del recurrente es al parecer que cada una de ellas tendría derecho a recobrar la posesión por incumplimiento de la condición. Hay otras hipótesis posibles. El síndico de la Borinquen Sugar Company podría resolver hacer cesión de su arrendamiento y el dueño, el Sr. Sewall, aceptar la cesión estando pendiente cualquier canon de arrendamiento. El verdadero dueño y arrendatario de un arrendamiento inscrito siempre podían convenir en terminar el contrato. El cesionario de cánones de arrendamiento siempre debe asumir el riesgo de que termine el arrendamiento por incumplimiento de la condición.

No es necesario poner más ejemplos. Creemos que en la escritura que fué sometida a nuestra consideración únicamente se confería un derecho personal a un solo canon de arrendamiento y que el caso no puede diferenciarse del de el *Banco Territorial y Agrícola* v. *El Registrador de Caguas.* Debe confirmarse la nota.

*Confirmada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociado Aldrey.

Jueces disidentes: Sres. del Toro y Hutchison.