**EXCHANGE NAT. BANK OF ARDMORE v. CHAMPION, CHAMPION & GEORGE.**

No. 17034—Opinion Filed Oct. 12, 1926.

Rehearing Denied Jan. 4, 1927.

**1. Mortgages — Foreclosure — Rights to Rents—Previous Assignment of Rents by Mortgagor Takes Priority.**

A petition filed on September 3, 1924, seeking to foreclose a real estate mortgage, a copy of which is attached thereto, in which proceeding a receiver is appointed on September 13th to collect the rents from the agricultural lands being foreclosed, does not state a right to the ownership of the rents for that year as against the holder of a written assignment of the rents from the mortgagor and owners in possession bearing date of May 6, 1924.

**2. Appeal and Error — Motion for New Trial Where Judgment on Pleadings.**

As the judgment appealed from appears from the case-made to have been rendered on the pleadings, a motion for new trial is not required in order to perfect an appeal from the ruling to this court.

**3. Judgment Sustained.**

Record examined; held, to be sufficient to support judgment in favor of interveners.

(Syllabus by Williams, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Love County; Asa E. Walden, Judge.

Action by Geo. R. McClyment to foreclose a trust deed against Exchange National Bank et al. Cross action by Exchange National

Bank to foreclose second mortgage. Champion, Champion & George intervened in cause and asserted claim to possession of rents through written assignment from the mortgagors and owners in possession. Judgment awarding rents to interveners. Exchange National Bank brings error. Affirmed.

Dolman & Dyer, for plaintiff in error.

Louis A. Fischl and Champion, Champion & George, for defendants in error.

Opinion by WILLIAMS, C. Geo. R. McClyment commenced his action to foreclose a trust deed on agricultural lands, then in cultivation, against the Exchange National Bank, the mortgagors and owners in possession. The Exchange National Bank filed a cross-action on September 3, 1924, wherein it sought to foreclose a junior mortgage. The defendant set forth in its cross-action that the real estate was insufficient to pay the mortgage indebtedness against the property, and prayed the court to appoint a receiver to collect the rents from the premises. The court appointed a receiver to collect the rents on September 13, 1924. Champion, Champion & George intervened in the cause on October 14, 1924, by petition, wherein it was set forth that they were entitled to the rents and profits from the premises for the year 1924, by virtue of a written assignment of the owners in possession, bearing date as of May 6, 1924, a copy of the written assignment being attached to and made a part of the petition. The copy of the mortgage attached to the cross-petition of the Exchange National Bank of Ardmore did not pledge the rents and profits from the farm lands to secure the payment of its indebtedness. The trial of the cause resulted in judgment awarding the rents and profits therefrom for the year 1924 to Champion, Champion & George. Exchange National Bank perfected its appeal by case-made, and assigns the ruling of the court in awarding judgment to the interveners as error for reversal. The defendants in error have filed motion to dismiss the appeal for the reason that the plaintiff in error did not file motion for new trial. The case-made does not contain evidence offered at the hearing. The record as perfected by the appellant relating to the judgment in favor of the interveners consists of the petition of the Exchange National Bank, wherein it sought foreclosure of the mortgage and prayed for the appointment of the receiver; also the plea in intervention filed by the interveners, to which a copy of the written assignment of the rents was attached. We assume from this record that the court decided the case upon the pleading referred to above. A motion for

new trial is not required to perfect an appeal from the action of the court in rendering judgment on the pleadings. Lee v. United States, 7, Okla. 558, 54 Pac. 792'; Doorley v. Buford & George, 5 Okla. 594, 49 Pac. 936; Powell v. Nichols, 26 Okla. 734, 110 Pac. 762.

Passing to the question of the validity of the judgment awarding the rents to the interveners as against the Exchange National Bank, the question must be determined from the allegations embodied in the petition of the plaintiff in error and the petition of the interveners. The question of the ownership of the rents and profits from mortgaged farm lands was before the Supreme Court of Kansas in the case of Beckman v. Sipes, 35 Kan. 120, 10 Pac. 592. In the Beckman Case the mortgagor planted a crop of corn after the foreclosure of the mortgage, and it was immature and growing when the land was sold pursuant to the sale in foreclosure. The court held that the crops passed by the sale to the purchaser. The question was again before the Supreme Court of Kansas in the case of Caldwell et al. v. Alsop, 48 Kan, 571, 29 Pac. 1150, in which the court discussed the ruling in the Beckman Case. In the Caldwell Case the court was considering a real estate mortgage which by its express terms pledged the rents and profits as additional security for the debt. In disposing of the question of ownership, the court said:

"It will be observed that the corn was fully matured, and had been sold by the mortgagor before the application for a receiver was made, and before the foreclosure proceedings had been commenced. The mortgagees obtained no estate in the mortgaged lands. Under our statutes, their mortgage was a mere security for a debt, and the mortgagor was entitled to the possession and use of the premises, and to the crops grown thereon, until his right was divested by appropriate judicial proceedings. The title to the land remained in the mortgagor, and' his right to control and dispose of the annual crops remained in him, at least until the receiver obtained possession. The fact that the mortgage debt was due, and that the mortgagor was in default, did not of itself divest him of the right to control and /dispose of the crops."

That a real estate mortgage under our statutes is a mere security for the debt is so well settled that the question is no longer raised in our jurisdiction.

The written assignment of the rents held by interveners bore date of May 6, 1924, long before the Exchange National Bank commenced proceedings to foreclose its mortgage and the appointment of the receiver. On the allegations contained in the Exchange National Bank's petition, in view of the fact that the interveners claimed under written assignment of the rents from the owners, bearing date of May 6, 1924, the bank would not be entitled to the possession of the rents or the profits therefrom, if its mortgage had contained a provision pledging the rents and profits as additional security for the debt. The instant case involves a similar state of facts as was under consideration in the Caldwell Case, except in the latter case the mortgage sought to be foreclosed contained a provision pledging the rents and profits as additional security. We think the cited Kansas cases, which construe statutes similar to ours, and the case of Anderson v. Marietta National Bank, 93 Okla. 241, 220 Pac. 883, dispose of the question adversely to the contention of the appellants.

The judgment is affirmed.

By the Court: It is so ordered.

Note.—See under (1) 27 Cyc. p. 1630. (2) 3 C. J. p. 975, §875. (3) 4 C. J. p. 1129, §3122.