## HILL v. FIRST NAT. BANK OF PORTER.

No. 20129.  Opinion Filed July 7, 1931.

Irwin Donovan, for plaintiff in error.

W. O. Rittenhouse, for defendant in error.

HEFNER, J. This appeal presents the question of priority of mortgages. On November 22, 1924, Rufus L. Eubanks executed a mortgage on certain real estate located in Wagoner county. The mortgage was duly placed of record. Thereafter Eubanks executed a chattel mortgage in favor of the First National Bank of Porter covering the crops on the land. Mark L. Hill, plaintiff herein, thereafter acquired the real estate mortgage, and brought suit in the district court of that county to foreclose the same, and had a receiver appointed who took charge of, harvested, and sold the crops. His mortgage covered rents and profits. The crops had not yet matured at the time the receiver was appointed. A decree of foreclosure was had and the mortgaged premises sold thereunder, but they did not sell for enough to satisfy the mortgage. It is plaintiff's contention that the lien under his real estate mortgage attached to the crops to cover the deficiency. The trial court held against this contention, and entered judgment in favor of the bank, awarding it the crops under its chattel mort-

gage. Possession of the crops was obtained through the appointment of a receiver before they were severed from the soil. The chattel mortgage was executed before the appointment of the receiver, but subsequent to the execution and recordation of plaintiff's mortgage.

The general rule is that, as between grantor and grantee, mortgagor and the purchaser at a foreclosure sale, growing crops before severed from the soil are part of the realty and pass to the purchaser with the realty. Hartshorne v. Ingels, 23 Okla. 535, 101 Pac. 1045. In the case of Hoblitt v. Farmers' State bank of Tuttle, 54 Okla. 516, 153 Pac. 1154, this court said:

"Crops, unsevered from the soil, are ordinarily part of the realty; but, when severed from the soil, they become personal property."

Under the rule announced in these cases, plaintiff contends that, having reduced the crops to possession through the appointment of a receiver prior to the time they were severed from the soil, the lien of his mortgage attached thereto as against defendant's chattel mortgage, and in support thereof relies on the case of Anderson v. Marietta Nat. Bank, 93 Okla. 241, 220 Pac. 883. The precise point here involved is not decided in that case, but it is there said:

"A mortgagee of real estate in foreclosing his lien, where the security is inadequate, may include in foreclosure proceedings the crops, rents, and profits, unsevered from the soil, at the time of the foreclosure sale, or at the time the mortgagee is legally possessed of the premises.

"The mortgagor, under a real estate mortgage, where same does not expressly include and cover the crops, rents, and profits, has absolute control and dominion over all crops, rents, and profits of the land, intermediate the giving of the mortgage and the foreclosure of same, and may sell or mortgage same subject to the rights of the real estate mortgagee."

This case recognizes the right of the owner of land to mortgage crops growing thereon as personal property. See, also, Phillips v. Keysaw, 7 Okla. 674, 56 Pac. 695. As between the owner of the land and mortgagee, such mortgage operates as a constructive severance of the crops from the soil. Phillips v. Keysaw, supra.

If a mortgagor sells growing crops, and they are severed from the soil before the sale of the land under judgment of foreclosure, a purchaser will take title thereto against the receiver appointed pending foreclosure. Exchange Nat. Bank of Ardmore v. Champion, Champion & George, 123 Okla.

53, 251 Pac. 1017. The right of the owner of land to deal with growing crops as personal property is recognized in that case.

In the case of Modesto Bank v. Owens (Cal.) 53 Pac. 552, the following rule is announced:

"A mortgage of land, together with all rents, issues, and profits thereof, will not create a lien on a crop subsequently raised, where it is not executed in the manner required for the execution of chattel mortgages, and will not affect a subsequent mortgagee of the crop."

See, also, the following cases: Binney v. San Dimas Lemon Ass'n (Cal.) 253 Pac. 346; Morton v. Union Central Life Ins. Co. (Mont.) 261 Pac. 278; Trulock v. Donahue (Iowa) 40 N. W. 696; Whiteside v. Morris (Iowa) 197 N. W. 56.

When the receiver was appointed possession was not taken for the benefit of any one claimant, but for all claimants alike. It is admitted that the crops in question were severed from the soil prior to the sale of the land under foreclosure. Therefore, under the general rule, they did not pass with the land under the sale, because they were at that time personal property.

The chattel mortgage was executed prior to the appointment of the receiver, and therefore the appointment of the receiver cannot affect defendant's right. This view, we think, is in harmony with the rule announced in the case of Anderson v. Marietta Nat. Bank, supra, and not in conflict with the case of Exchange Nat. Bank of Ardmore v. Champion, Champion & George, supra.

Judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and RILEY, CULLISON, SWINDALL, ANDREWS, and McNEILL, JJ., concur. KORNEGAY, J., dissents.