## MOORE v. EDGEMAN.

No. 9298—Opinion Filed Sept. 24, 1918.

(175 Pac. 205.)

**1. Mortgages—Interest of Mortgagee—Lien.**

The interest that a mortgagee acquires in property by virtue of his mortgage is a lien to secure the indebtedness, and a party who pays said indebtedness acquires no greater interest than the mortgagee had.

**2. Same— Sale and Conveyance.**

A mortgagee has no such interest in the mortgaged property as will enable him to sell the property and convey title thereto in the absence of the consent of the mortgagor, or, by a foreclosure as provided by law.

(Syllabus by Davis, C.)

Error from District Court, Sequoyah County; John H. Pitchford, Judge.

Action by J. W. Edgeman against E. L. Moore. Judgment for plaintiff, and defendant brings error. Affirmed.

T. F. Shackelford, for plaintiff in error.

L. C. McNabb, for defendant in error.

Opinion by DAVIS, C. This action was begun in a justice of the peace court in Sequoyah county, Okla., by the defendant in error, hereafter referred to as "plaintiff," against the plaintiff in error, hereinafter referred to as "defendant," to recover the sum of $37.50 alleged to be due plaintiff from the defendant on account of usury charged the plaintiff by defendant. The plaintiff also asked for judgment for a reasonable attorney's fee. The defendant made no appearance in the justice of the peace court, but permitted judgment to be taken against him by default, and then appealed to the district court. The cause was tried de novo in the district court, and plaintiff recovered a judgment against the defendant for the sum of $37.50 and the sum of $10 as attorney's fee. A motion for a new trial was filed and overruled, and, from the action of the court in overruling the motion of the defendant for a new trial, an appeal is prosecuted to this court by petition in error.

The transaction out of which this litigation grew is as follows: The plaintiff was indebted to Bob Hines in the sum of $40. Hines held a mortgage on certain property belonging to plaintiff and was about to foreclose the mortgage in order to collect the debt. Plaintiff went to defendant to secure money to pay the indebtedness due Hines. The defendant paid Hines the amount of the debt due by plaintiff, to wit, the sum of $40. This money was paid direct to Hines by defendant, and after this indebtedness was paid to Hines, the plaintiff executed his promissory note to the defendant for the sum of $58.75. The plaintiff paid this note to defendant in full and then instituted this action to recover the sum of $37.50, the same being double the amount of interest charged and collected, and a reasonable attorney's fee. There is no dispute as to the material facts in the case, as the defendant was placed on the witness stand by plaintiff and disclosed the foregoing facts. It is admitted by defendant that all the money advanced to Hines for the purpose of paying the indebtedness due Hines by plaintiff was the sum of $40, and that he took a note from the plaintiff for the sum of $58.75 and collected the entire amount as evidenced by the note.

The defendant has sought to escape the payment of the amount for which judgment was rendered by claiming that he bought the property on which Hines held a mortgage and sold the property to plaintiff, and that the note of $58.75 represented the purchase price of this property. There is no merit in this contention, for the reason that Hines had no property to sell the defendant. The title to the property in question was in the plaintiff, and the mere fact that Hines had a lien on the property by virtue of the mortgage executed by plaintiff to him to secure the indebtedness did not give him any right or authority to consummate such a transaction. The only interest that a mortgagee has in property covered by his mortgage in this state is a lien to secure the payment of the indebtedness, and, in the absence of the consent of the mortgagor, he has no power or authority to sell the property except as provided by law. Page v. Turk, 43 Okla. 667, 143 Pac. 1047; Noble v. Ft. Smith Wholesale Grocery Co., 34 Okla. 662, 127 Pac. 14, 46 L. R. A. (N. S.) 455.

There is not a line of evidence that tends to support even this contention of defendant.

There are various assignments of error, but an examination discloses that there is no merit in any of them. The only material

error committed at the trial was in favor of the defendant. The court instructed the jury that if it should find that the defendant took up the property from Hines, by paying off the mortgage Hines held, and then sold the property to the plaintiff, then their verdict should be in favor of the defendant. This instruction is not the law and was far more favorable to the defendant than he was entitled to. The instruction is incorrect for the reason that Hines had no title to convey, and, when defendant paid the amount due Hines, he could only acquire such interest as Hines had in the property, to wit, a lien for the security of the $40. The title to the property remained in the plaintiff until divested by a foreclosure of the mortgage or a voluntary relinquishment of the property by plaintiff to pay the debt.

After an examination of the record in this case, we are forced to the conclusion that the appeal is without merit, and that the judgment of the district court of Sequoyah county should in all things be affirmed.

By the Court: It is so ordered.