## McKEAN et al. v. McLEOD et al.

No. 11494—Opinion Filed March 29, 1921.

### (Syllabus.)

**1. Mortgages—Deed Absolute on Face.**

A deed absolute in form is, in fact, a mortgage, when given to secure the payment of money, even though the parties may have agreed that, upon default in payment within a fixed time, the deed should become absolute.

**2. Same—Construction—Evidence.**

Whether any particular transaction amounts to a mortgage, or a sale upon condition, or with agreement to reconvey upon a contingency, is to be determined by ascertaining whether the transaction was intended as a loan. If there remains a debt for which the conveyance was only a security, and the collection of which may be enforced independently of the security, the whole transaction amounts to a mortgage, whatever language the parties may have used in expressing their agreement. In such cases, it matters not that the transaction is evidenced by one or more instruments, or what the writings may or may not show, if, nevertheless, the agreement in fact exists. The real intention of the parties, either as shown upon the face of the writing, or as disclosed by extrinsic evidence, must govern in equity.

**3. Same—Findings—Sufficiency of Evidence.**

From an examination of the record, held: That the finding of the court that the conveyance, although a deed absolute in form, was in fact a mortgage given to secure the payment of money, is not clearly against the weight of the evidence and will not be disturbed on appeal.

Error from District Court, Logan County; Hal Johnson, Assigned Judge.

Action by Angus McLeod and others against W. E. McKean and another to have a certain deed declared a mortgage, and for other relief. Judgment for plaintiffs, and defendants bring error. Affirmed.

C. G. Hornor, for plaintiffs in error.

John Adams and John H. Burford, for defendants in error.

McNEILL, J. This action was commenced in the district court of Logan county by Angus McLeod and others against W. E. McKean and W. R. Welsh to have a certain deed declared to be a mortgage to secure a loan of $400, and to have a conveyance from McKean to Welsh canceled, and title quieted

in plaintiffs, and for an accounting for the rents and profits. The defendant McKean, answering, denied the deed was a mortgage, contended the same was a bona fide purchase, and pleaded as affirmative matter that at the time of the purchase of the land he executed a contract to resell the land to Mrs. McLeod, and pleaded a breach of said contract to sell and asked to have said contract canceled. The defendant Welsh set up the plea of innocent purchaser for value. Upon the trial of the case to the court, the court found that the deed executed by Angus McLeod and wife to W. R. McKean was a mortgage and given to secure the payment of $400, and, upon an accounting, rendered judgment in favor of McLeod against McKean for the sum of $64.20. The court found that Welsh was not an innocent purchaser, and canceled the deed to Welsh and quieted title in plaintiffs.

The assignments of error may be considered as presenting but one question, to wit: Whether the finding of the trial court is clearly against the weight of the evidence when governed by the law applicable to the facts.

A brief summary of the facts may be stated as follows:

McLeod and wife were residents of Arkansas, and the owners of the land in question, and the same was encumbered with a mortgage and taxes, amounting to approximately $3,275. McLeod made application to W. E. McKean, who was in the real estate business at Guthrie, for a loan of $3,500 on the premises, or sufficient to pay off the old mortgage, taxes, and his indebtedness. McKean placed the application for loan with W. R. Welsh, trustee of A. O. U. W. Lodge, who represented the lodge in approving loans upon real estate. Welsh examined the premises, and, after several conferences, agreed to approve a loan for $3,200. Before the loan was completed, it was necessary to bring a suit to quiet title. Suit was brought and title quieted in McLeod. The money from this loan was to be used to discharge the former mortgage and taxes due, amounting to approximately $3,275. In addition to these items, there was a suit pending in the justice court of Logan county against McLeod which was required to be settled, and this required $25 and costs. There was also the attorney fee for quieting title, amounting to $25, and abstract fees, and in addition thereto there was a commission due McKean and Welsh for securing the loan which would amount to $224. McKean and McLeod figured the amount it would take to settle all claims to be $3,600, or $400 more than was to be procured from the loan. McLeod did

not have the $400 to settle this additional indebtedness, and the same had to be settled before the loan for $3,200 could be completed.

McKean furnished money, or settled these claims, and the loan was completed on the 29th day of June, 1915, and McLeod and his wife executed a deed to the premises to McKean, and on the same day McKean executed a contract in favor of Eliza McLeod, the wife of Angus McLeod, agreeing to convey the property to Mrs. McLeod at any time within six months on the payment of $400, subject, however, to mortgage of A. O. U. W. Lodge in the sum of $3,200. The $400 was not paid to McKean according to the terms of the contract by Mr. or Mrs. McLeod, and after the six months Mr. McKean executed a quitclaim deed to Mr. Welsh for one-half interest in the land. The plaintiff contends that the deed executed to McKean was a mortgage and was to secure the payment of the $400; that he received nothing for the deed except the payment of the indebtedness heretofore referred to that was owing by him, together with $224 commission due McKean and Welsh.

The plaintiff testified that when in Guthrie, about the 29th day of June, 1915, to complete the mortgage transaction, he talked to McKean about advancing the $400 necessary to pay the expenses and the commission, and advised McKean that he would give McKean a second mortgage upon the place to secure this. Plaintiff testified that McKean advised him that he would do this, but could not accept the second mortgage, as the bank he was dealing with would not handle a second mortgage, but by taking a deed and giving back a contract he could handle it. McKean admitted that he was to receive one-half of the commission, or $112, but denied that the deed was ever intended as a mortgage, but contended that it was a straight out sale. It is admitted that McLeod received no money, that the $400 was all used as payment of commission and other indebtedness. The court found the deed to be a mortgage. Whether the deed and contract and the whole transaction amounts to a mortgage or a sale with the agreement to reconvey upon a contingency, is the question to be determined; and must be by ascertaining whether the transaction was intended as a loan. This court, in the case of Worley v. Carter, 30 Okla. 642, 121 Pac. 669, announced the rule applicable to cases of this kind and character as follows:

"Whether any particular transaction amounts to a mortgage, or a sale upon condition, or with agreement to reconvey upon a contingency, is to be determined by ascer-

taining whether the transaction was intended as a loan. If there remains a debt for which the conveyance was only a security, and the collection of which may be enforced independently of the security, the whole transaction amounts to a mortgage, whatever language the parties may have used in expressing their agreement. In such cases, it matters not that the transaction is evidenced by one or more instruments, or what the writings may or may not show, if, nevertheless, the agreement in fact exists. The real intention of the parties, either as shown upon the face of the writing, or as disclosed by extrinsic evidence, must govern in equity."

See Farrow v. Work, 39 Okla. 734, 136 Pac. 739.

Plaintiffs in error contend that in order that the transaction may be held to be a loan there must have been created an enforceable debt and both parties must have understood and intended that such should be the effect of the transaction, and contend the evidence will not support a finding that this transaction created an enforceable debt due to McKean by McLeod. The plaintiff McLeod admitted that the debt due upon the former mortgage amounted to approximately $75 more than the loan of $3,200 would be. He admitted an indebtedness to his attorney of $25. He admitted signing the application and being indebted for the commission of $224. The plaintiff testified that McKean was to pay these claims, and the mortgage was to secure the same. If we believe this testimony, and the court no doubt believed it, it was sufficient to create an indebtedness to McKean in the sum of $400, and this mortgage was given to secure the same. There are many other circumstances from which inferences may be drawn from the evidence which supports the contention that this was a mortgage. Mr. McLeod made several trips from Arkansas to Guthrie to complete this transaction. He received no money for this deed. He was still liable on the note for $3,200. The mortgage could not be foreclosed and the property sold in less than six months, so if there was any inducement for him to sign this deed, when there was an equity in the land of from $500 to $1,500, it is not disclosed by the record. It might be said that he would save the cost of foreclosure; that would be true, but at the same time he was becoming indebted for the commission in the sum of $224. There are letters supporting this contention. We are of the opinion, from an examination of the entire record, that the evidence is sufficient, when measured by the law as announced by this court in the case of Worley v. Carter, supra, to sustain the finding of the court,

and that the finding is not clearly against the weight of the evidence.

In regard to Welsh being an innocent purchaser, the contract from McKean to McLeod was on file at the time he purchased and he had constructive notice. The finding of the court upon this question of fact is also supported by the evidence.

The judgment of the trial court is affirmed.

HARRISON, C. J., and PITCHFORD, ELTING, and NICHOLSON, JJ., concur.