**KINCH, Adm'x, v. PIERSON.**

No. 14690—Opinion Filed Jan 29, 1924.

1. **Appeal and Error—Sufficiency of Evidence—Equity Case.**

In this court on appeal in cases of purely equitable cognizance, while the court will review and weigh the record, it will not reverse the judgment unless it be clearly against the weight of the evidence.

2. **Mortgages—Absolute Deed as Mortgage—Parol Evidence.**

A deed absolute on its face given as security for the payment of money constitutes a mortgage and is governed by the law in relation to mortgages, and the agreement that it is executed as security may be in parol and may be shown by parol evidence.

3. **Same—Affirmance of Judgment.**

Record examined; held, the record supports the findings and judgment of the trial court holding the deed involved herein to be a mortgage.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Creek County; Fred A. Speakman, Judge.

Action by Polly Pierson, as the widow and heir of Frank Pierson, deceased, against Mattie Kinch, as administratrix of the estate of Joseph Kinch, deceased, to declare a deed from plaintiff and her husband to Joseph Kinch, deceased, to be a mortgage. Judgment for plaintiff. Defendant brings error. Affirmed.

George L. Burke, for plaintiff in error.

R. K. Robertson and Ben Braden, for defendant in error.

Opinion by STEPHENSON, C. On the 4th day of February, 1914, the plaintiff and her husband, Frank Pierson, were the owners of the real estate herein involved, and on the date in question, by instrument in form of general warranty deed, conveyed the premises to Joseph Kinch. Thereafter, both Frank Pierson and Joseph Kinch died. On March 14, 1922, Polly Pierson, as the widow and heir of Frank Pierson,

deceased, commenced her action in the district court of Creek county against Mattie Kinch, as administratrix of the estate of Joseph Kinch, deceased, to cause the deed in question to be declared a mortgage. The plaintiff alleged for her cause of action that the deed involved herein was not in fact a deed of conveyance, but was executed and delivered to secure the payment of about the sum of $8,000, which was a loan from Joseph Kinch to the plaintiff and her husband. The plaintiff further alleged that the instrument was at all times during the lifetime of Joseph Kinch treated by the latter as a mortgage, and that the indebtedness bore interest at the rate of ten per cent. per annum. The plaintiff further alleged that she and her husband remained in possession of the property at all times. A portion of the property was leased for oil and gas purposes, and the proceeds from the lease were credited on the interest. The plaintiff further alleged that in the making of the several leases Joseph Kinch did not conduct the negotiations, but that such agreements were completed between the plaintiff and her husband, and the lessee, and Joseph Kinch merely executed the necessary instruments, as the record owner, to carry into effect the agreement between the plaintiff and her husband, and the lessee. The defendant by her general denial joined issue with the plaintiff on all allegations, and in the trial of the cause judgment went in favor of the plaintiff and against the defendant, declaring the deed involved herein to be a mortgage, given as security for the payment of the $8,000 loan to the plaintiff and her husband. The defendant has appealed the cause to this court and assigns certain of the proceedings had in the trial of the cause as error; (a) That the evidence is insufficient to support the judgment in favor of the plaintiff and against the defendant, and that the findings and judgment of the trial court are contrary to law. The plaintiff offered evidence by disinterested witnesses in support of the allegations of her petition. The defendant by her witnesses sharply disputed the claims of the plaintiff that the deed was intended to be a mortgage. The plaintiff tendered into court the $8,000, with interest then due, for the benefit of the defendant, and prayed the cancellation of the deed as a mortgage. Several sums had been paid to Joseph Kinch, which the plaintiff claimed were to satisfy interest. The defendant, however, denied that the payments were made to apply on the interest. On the disputed issues between the parties, the court found the issues of fact and law against the defendant and in favor of the plaintiff. While this court will weigh and review the evidence in a case of purely equitable cognizance. it will not reverse the judgment of the court unless it be clearly against the weight of the testimony. Weaver v. Drake, 79 Okla. 277, 193 Pac. 435; Black v. Donelson, 79 Okla. 299, 193 Pac. 424; Potter v. Ertel, 80 Okla. 67, 194 Pac. 201.

There is sufficient competent proof offered on the part of the plaintiff to support the findings of fact and judgment in her favor. In relation to plaintiff's right to cause the deed to be declared a mortgage, and to make this proof by parol, the rule is that a deed absolute on its face, given as security for the payment of money, constitutes a mortgage, and is governed by the law in relation to mortgages, and the agreement that it is executed as security may be in parol, and may be shown by parol evidence. Worley v. Carter, 30 Okla. 642, 121 Pac. 669; Voris v. Robbins, 52 Okla. 671, 153 Pac. 120; McKean v. McLeod, 81 Okla. 77, 196 Pac. 935; Balduff v. Griswold, 9 Okla. 438, 60 Pac. 123.

Having reached the foregoing conclusions, it would serve no useful purpose to consider other errors assigned in the appeal.

Therefore, it is recommended that this cause be affirmed.

By the Court: It is so ordered.