## PENNEY v. WALTERS.

No. 16498—Opinion Filed Sept. 14, 1926.

Rehearing Denied Oct. 12, 1926.

(Syllabus.)

1. **Mortgages—Deed Absolute on Face Construed as Mortgage.**

Where a deed, absolute on its face, is given in security of a debt, and in the same transaction a bond is executed by the grantee for reconveyance conditioned upon the payment by the grantor of the debt secured, and both instruments are executed and delivered at the same time, they will be held to be a legal mortgage.

2. **Judgment—Judgment in Forcible Entry and Detainer not Res Judicata in Action to Try Title.**

By reason of section 1050, Compiled Oklahoma Statutes 1921, a judgment in a forcible entry and detainer action is not res judicata as to an action to try title.

3. **Same—Conclusiveness of Judgment in Action on Appeal Bond in Forcible Entry and Detainer.**

An action at law upon an appeal bond, given in a forcible entry and detainer action, resulting in a judgment on the bond, is not res judicata in an action in equity which seeks to declare a deed and bond to reconvey a mortgage, even though there is an identity of parties and the subject-matter is related.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action in equity by Gracie Walters against Susan A. Penney, to declare a deed and bond for deed a mortgage, for an accounting of rents and profits, etc. Judgment for plaintiff, and defendant appeals. Affirmed.

E. A. Foster, for plaintiff in error.

H. M. Jarrett, for defendant in error.

RILEY, J. This appeal is perfected by Susan A. Penney from a judgment rendered against her and in favor of Gracie Walters in the district court of Lincoln county declaring a deed, absolute on its face, and another instrument entitled "bond and contract for deed" to be a mortgage, for an accounting of rents and profits, and providing for a redemption of certain lands involved in the action, to wit: N. W. ¼ of section

28, twp. 16 N., range 2 E., Indian Meridian. Lincoln county, state of Oklahoma.

On the 5th day of May, 1908, the defendant in error, Gracie Walters, nee Gracie Harrison, and her then husband, Granville Harrison, executed and delivered to E. S. Penney a warranty deed to the dscribed premises. At the same time E. S. Penney, husband of the plaintiff in error, executed and delivered to the grantors of the warranty deed an instrument entitled "a bond or contract for deed," which is as follows:

"Know All Men By These Presents, that I, E. S. Penney in consideration of the sum of $1 and other considerations hereinafter stated, do this 6th day of May, 1908, hereby agree to sell unto Gracie Harrison and Granville Harrison, her husband, all the following described realty, agreeing to deliver deed to said Gracie Harrison and Granville Harrison on the first day of January, 1909, or sooner, if the said Gracie Harrison and Granville Harrison shall fully comply with the terms of this bond prior to said 1st day of January, 1909:

"The northwest quarter (¼) of section 29 in township 16, north of range 2 east of I. M. Lincoln county, Okla.

"Now, whereas, there are certain mortgages, judgments, liens, court costs and taxes now on record against the above described realty and against the said Gracie and Granville Harrison, I, E. S. Penney, hereby agree to execute and deliver said deed, provided said Gracie Harrison and Granville Harrison shall pay to me, my heirs and legal representatives all moneys that I shall pay, or cause to be paid, in full or part payment of any of said mortgages, judgments, liens, court cost, taxes. as well as interest that may be due thereon, said payments to bear interest at the rate of 10 per cent. per annum from the time they are made, otherwise this bond shall be null and void and the title to said realty shall remain in the name of the said E. S. Penney, his heirs and assigns forever.

"Full possession of said premises is hereby granted unto the said Gracie Harrison and Granville Harrison to the first day of January, 1909.

" (Acknowledgment)

"Signed: E. S. Penney."

E. S. Penney brought a forcible entry and detainer action in 1910 against the grantees for the purpose of securing possession of the said land. That case was appealed from the justice court to the county court of Lincoln county by Gracie Harrison, wherein the judgment for the plaintiff, Penney, was sustained. An attempted appeal to the Supreme Court fai'ed and the judgment for possession became final. E. S. Penney then brought suit in the district court of Lincoln county upon the appeal bond given by Gracie Harrison and Granville Harrison in the forcible entry and detainer action, and obtained a judgment.

It is here asserted by plaintiff in error that defendant in error in the former litigation pleaded by way of defense the same cause of action pleaded herein, that is, that she alleged therein that the deed and contract constituted a mortgage to secure a debt, and it is contended that the judgments in those actions are res judicata as to the action of defendant in error herein.

The plaintiff in error further contends that she is entitled to avail herself of an estoppel by judgment by reason of the former litigation. These contentions are kindred and will be considered together.

Upon the issues joined, the case at bar was tried to the court and a judgment rendered against plaintiff in error, Susan A. Penney, and in favor of Gracie Walters. declaring the deed and contract to be a mortgage and allowing Gracie Walters to redeem the land in controversy upon the payment of $383.44, from which judgment an appeal has been duly perfected.

Does an absolute and unconditional deed on its face, when accompanied by a contemporaneous agreement or bond providing for a reconveyance of the property to the grantor upon the satisfaction of a debt constitute a mortgage? We hold it does.

27 Cyc. 1001, paragraph 4, reads as follows:

"It is a general rule that a deed of land, absolute and unconditional on its face, but intended only as security for a debt, and accompanied by a contemporaneous agreement or bond, on the part of the grantee, to reconvey the property to the grantor on payment or satisfaction of the debt, is a mortgage. and not an absolute or conditional sale."

In Weiseham v. Hocker et al., 7 Okla. 250, 54 Pac. 464, this court announced the rule as follows in paragraph 2 of the syllabus:

"Where a deed, absolute on its face, is given in security of a debt, and an agreement or bond is executed by the grantee for reconveyance conditioned upon the payment by the grantor of the debt secured, and both instruments are of the same date, and were executed and delivered at the same time, and as parts of one transaction, they will be he'd to be a legal mortgage."

And in the body of the opinion it is said:

"Such a deed, and an agreement to reconvey upon payment of a certain sum of money, or upon the performance of some other con-

dition, have always been held to constitute a legal mortgage, if the instruments were of the same date, or were executed and delivered at the same time, and as one transaction. In equity, however, it is immaterial * * * whether there be any bond or written agreement to reconvey; parol evidence being sufficient to prove the transaction to be a mortgage." Wagg v. Herbert, 19 Okla. 525. 92 Pac. 250; McKean v. McLeod, 81 Okla. 77. 96 Pac. 935; Farrow v. Work, 39 Okla. 734, 136 Pac. 739; Beindorf v. Thorpe, 90 Okla. 191, 203 Pac. 475, 19 R. C. L. 269.

In Wagg v. Herbert, supra, the rule is laid down that:

"In determining the question whether the transaction was a sale or a mortgage, it is of great importance to inquire whether the consideration was adequate to induce a sale."

In the case at bar the undisputed evidence is that the land was of the value of from $2,500. to $3,000, and the amount claimed to have been expended by the grantee was far short of the value of the land.

In 27 Cyc. 1016, in discussing the rules governing in the determination as to whether or not such instruments constitute a mortgage, it is said:

"Conversely, the fact that the grantor kept up a continual claim of the right to redeem the premises, accompanied by offers to pay the alleged debt, helps to show that the conveyance was in reality a mortgage."

And in 27 Cyc. 1014, it is said that:

"The fact that the grantor in a deed absolute in form * * * remained in the possession, use, and control of the property after the conveyance, is evidence tending to show that the transaction was in fact a mortgage. * * *"

We shall now determine whether the former litigation is a bar to the action herein brought.

The first action, as heretofore set out, was a forcible entry and detainer suit brought in a justice of the peace court.

Section 1050, Compiled Oklahoma Statutes 1921, provides:

"The judgments, either before a justice of the peace or in the district court, in actions brought under this article, shall not be a bar to any other actions brought by either party."

In such an action the right of possession is the only question involved. In maintaining that action it is only necessary for the plaintiff to establish that he had a clear right of possession at the time his notice to quit and vacate the premises was given. In that case it is highly probable that the justice court rendered a correct decision.

for the reason that the bond or contract itself provided that Gracie Walters, nee Harrison, and her husband should have possession until the 1st day of January, 1909.

A forcible entry and detainer action cannot try title and does not involve the exercise of equitable jurisdiction. Casey v. Kitchner, 66 Okla. 169, 168 Pac. 812; Waite v. Teeters (Kan.) 14 Pac. 146. It is a summary proceeding to recover possession of land. Dysart v. Enslow, 7 Okla. 386, 54 Pac. 550.

Since it has been expressly provided by the Legislature that judgments in actions of forcible entry and detainer, either before a justice of the peace or in the district court, shall not be a bar to any action brought by either party, it is evident that no benefit would be derived in prolonging our discussion so far as that action is concerned.

The next of the former litigation cited upon the plea of res judicata is the action upon the bond which was given in the forcible entry and detainer suit.

We observe that the part of the original answer of Gracie Walters, nee Harrison, in that suit alleging that the deed was a mortgage, etc., was eliminated by a demurrer. We do not think the question of title to the land, or the question as to whether the instrument constituted a deed or a mortgage, was material to the action on the bond. There was only one question that could be tried in that action and that was the value, use, and occupation of the property during the time that Penney had been deprived of it. The question of title and the question of whether or not the deed held by Penney was a mortgage was immaterial to the suit on the bond. The judgment in the forcible entry and detainer action was the basis and foundation upon which rested the suit in the action on the bond.

The test of whether a matter is res judicata or not is laid down in Mayerhoff v Wortman et al., 92 Okla. 66, 218 Pac. 842 as follows:

"In order to make a matter res judicata there must be a concurrence of the four conditions following, namely: (a) Identity in the thing sued for (or subject-matter of the suit); (b) Identity of the cause of action; (c) Identity of persons or parties to the action; (d) Identity of the capacity of the person for or against whom the claim is made."

In the action upon the bond there was involved a matter of possession of the land. The question of title and ownership was not litigated. It was an action at law. In the

case at bar an equitable action is presented in which title and ownership is involved, but as compared with the action on the bond there is neither identity of the thing sued for nor identity of the cause of action.

In the case of In re Assessment of First National Bank of Chickasha, 93 Okla. 233. 220 Pac. 909, this court said:

"The conclusiveness of a judgment extends only to the question directly in issue and not to any incidental or collateral matter, though it may have arisen and been passed upon."

In the case of Larney v. Lindsay (U. S.) 45 Sup. Ct. 145, the Supreme Court of the United States, in a very recent case, said:

"The principle of res judicata does not apply to points which come under consideration only collaterally or incidentally."

We, therefore, hold that the question of res judicata urged by the defendant is untenable, and from a review of the action on appeal we are of the opinion that the judgment of the lower court should be, and the same is hereby affirmed.

NICHOLSON, C. J., BRANSON, V. C. J., and MASON, CLARK, LESTER, and HUNT, JJ., concur.

Note.—See under (1) 27 Cyc. p. 1001; 19 R. C. L. 246; 3 R. C. L. Supp. 926; 5 R. C. L. Supp. 1030. (2) 34 C. J. p. 961, §1365. (3) 34 C. J. p. 960, §1364.