## In re BAXTER.

No. 18004.   Opinion Filed Sept. 25, 1928.

(Syllabus.)

**1. Taxation—Exemption of Choctaw Indian's Allotment.**

Under Act of Congress, June 28, 1898, known as the Atoka Agreement, land allotted to a Choctaw Indian by blood is nontaxable while title remains in the original allottee, but not exceeding 21 years from date of patent.

**2. Mortgages—Deed Absolute on Face Intended as Mortgage.**

A deed absolute on its face, given merely as a security for debt and so intended by the parties, will be held to · be a mortgage.

**3. Mortgages—No Title to Real Estate Conveyed by Mortgage.**

A mortgage in this state conveys no title to real estate, but is merely a lien to secure the payment of debt.

**4. Taxation—Deed to Indian Allotment Intended as Mortgage Held not to Divest Title so as Render Land Taxable.**

A Choctaw Indian by blood executes a mortgage in the form of a deed to his allotment, which allotment was nontaxable while title remained in the original allottee. Held, title was not divested by said instrument so as to render such land taxable.

Error from District Court, Bryan County; Porter Newman, Judge.

Application of Walter W. Baxter for certificate of error in tax assessment. On appeal from adverse decision of the Board of Commissioners of Bryan County to the district court, there was judgment for petitioner, and the board of commissioners brings · error. Affirmed.

Walter J. Turnbull, County Attorney, and Lazelle White, Asst. Co. Atty., for plaintiffs in error.

R. H. Matthews, for defendant in error.

RILEY, J.   This is an appeal from the judgment of the district court of Bryan county, wherein an appeal was had from a decision of the board of county commissioners upon the matter of an alleged erroneous tax assessment.

Walter W. Baxter is a Choctaw Indian, enrolled and possessed of allotted lands, against which lands tax levies were made for the years 1922-25, inclusive, and which levies were canceled by the judgment of the district court.

On November 28, 1914, there was recorded in Bryan county, a warranty deed purporting to convey the land here involved, executed by Walter W. Baxter and his wife to G. W. Baxter, dated November 18, 1914, and reciting a consideration of $5,950.

The litigants hereto agreed below that said warranty deed "was intended by all parties thereto as a mortgage."

On October 1, 1917, there was recorded in said county a warranty deed, dated July 7, 1917, and executed by G. W. Baxter and his wife, covering the same lands, to Walter. W. Baxter, for an expressed consideration of $1 and other considerations of value, and the agreement between these litigants is that said instrument "was intended by all' the parties thereto as a release of said mortgage."

It is further agreed that each of said warranty deeds appear regular in form for conveyance of title and neither the taxing authorities of Bryan county nor the board of county commissioners of said county had knowledge or notice that said conveyances were intended as a mortgage and release of mortgage, respectively.

The district court held "that the only. question to be determined in the case is whether or not a warranty deed, regular on its face, executed by Walter W. Baxter to G. W. Baxter, was a mortgage, and that that is the only question to be considered in the case, and the agreed statement of fact settled that question, and the court holds that the land is not taxable, and the taxes against said lands for the years 1922, 1923, 1924, and 1925, are hereby canceled and set aside. * * *"

On appeal the only assignment of error relied upon is that the trial court erred in holding said land nontaxable.

It is beyond question that the allotment involved here is nontaxable "while the title remains in the original allottee, but not to exceed 21 years from date of patent." Act of Congress June 28, 1898, known as the Atoka Agreement: Choate v. Trapp. 224 U. S. 665. 56 L. Ed. 941.

Next, it may be stated that in Oklahoma, by force of statute, contrary to common law,

title to land remains in the mortgagor; the mortgage is not a conveyance vesting in the mortgagee any estate in the land, but is a mere security operating upon the property, or a lien or incumbrance only. Page v. Turk, 43 Okla. 667, 143 Pac. 1047; Section 7411, C. O. S. 1921; Moore v. Edgeman, 73 Okla. 159, 175 Pac. 205; In re Rolater, 67 Okla. 215, 170 Pac. 509; Farrow v. Work, 39 Okla. 734, 136 Pac. 739; Yingling v. Redwine, 12 Okla. 64, 69 Pac. 810; Balduff v. Griswold, 9 Okla. 438, 60 Pac. 223; 41 C. J. 279; Worley v. Carter, 30 Okla. 642, 121 Pac. 669; Gillett v. Romig, 17 Okla. 324, 87 Pac. 325.

There can be no dispute but that the deed from Walter W. Baxter to G. W. Baxter was intended as a mortgage. The agreed statement of facts settled that. See, also, section 5253, C. O. S. 1921; Kinch v. Pierson, 97 Okla. 109, 223 Pac. 144.

Consequently, under the admitted facts and the law applicable, we are justified in the view that title was never divested from Walter W. Baxter. The resulting conclusion must be, since title remained in the original allottee, and since the 21-year period of tax exemption from date of patent had not expired, that the land was nontaxable for the years set out in the petition for cancellation. The judgment of the trial court is affirmed.

BRANSON, C. J., MASON, V. C. J., and LESTER, PHELPS, CLARK, and HEFNER, JJ., concur.

Note.—See under (1) 37 Cyc. p. 911. (2) 41 C. J. p. 310, §64; anno. L. R. A. 1916B, 18; 19 R. C. L. p. 261; 3 R. C. L. Supp. p. 927; 4 R. C. L. Supp. p. 1263. (3) 41 C. J. p. 279, §3.