### PIERCE et al. v. DUCKETT.

No. 20789. Opinion Filed March 15, 1932.

Rehearing Denied April 26, 1932.

Eugene O. Monnet, for plaintiffs in error.

G. C. Spillers and Cohen, Hickman, & Ungerman, for defendant in error.

HEFNER, J. This is an action brought in the district court of Tulsa county by Victoria M. Duckett against R. H. Pierce and others to quiet title to a certain lot located in Broadmoor addition to the city of Tulsa, and to recover damages against defendants for slander of title by virtue of a mortgage which was recorded by them against the lot.

Plaintiff claimed title under a deed from defendants C. H. and Genevieve Henry. Defendants defended on the ground that plaintiff's deed constituted a mortgage, and that she could not maintain an action to quiet title and for damages, and, at the conclusion of the evidence, moved the court to direct a verdict in their favor. The trial court sustained the contention of defendants that the deed relied upon by plaintiff was a mortgage, and directed a verdict in favor of defendants on plaintiff's cause of action for damages.

On application of plaintiff, the court then permitted her to amend her petition and allege that the deed constituted a mortgage and ask for foreclosure thereof. Defendants were also granted leave to amend their answer, and, in such amended answer, they alleged that defendants C. H. and Genevieve Henry had executed a mortgage on the premises to W. H. Helmerich and that Helmerich had duly assigned the mortgage to defendant R. H. Pierce; that Pierce was the owner and holder of the mortgage and that such mortgage was superior to the mortgage of plaintiff; and prayed for foreclosure thereof.

On these issues thus joined, the cause was tried to the court and resulted in a judgment in favor of plaintiff holding her mortgage superior to that of defendant R. H. Pierce. Defendants have appealed and assert that the judgment is contrary to law.

The evidence discloses that, on and prior to January 15, 1927, plaintiff was the owner of the property in question and referred to as the Broadmoor property. On that date she traded the property to defendant Henry for other property in the city of Tulsa, referred to as the Sunset property. It was stipulated between the parties that defendant Henry was to convey the property to plaintiff free from all liens, except $14,000 mortgage held by the Home Savings & Loan Association, which mortgage plaintiff agreed to assume and pay as part of the consideration. After the trade was consummated, plaintiff discovered that there were mechanics' liens against the premises in the sum of $6,200. She also discovered that there was an unrecorded mortgage against the premises executed by defendants Henry to W. H. Helmerich for the sum of $3,450. She had no knowledge of this mortgage prior to the time the trade was consummated. It was then agreed that defendant Henry, in order to indemnify plaintiff against the existence of these liens, execute a deed to her on the Broadmoor property together with a contract whereby plaintiff agreed that, in the event defendant should pay off and discharge the mechanics' liens against the Sunset property, she was to redeem the Broadmoor property to him. Such deed and contract were accordingly executed on January 29, 1927, and the deed was held by the court to constitute a mortgage. On May 10, 1927, defendant Henry executed a renewal note and executed a mortgage to Helmerich on the Broadmoor property in lieu of the mortgage on the Sunset property, which mortgage was assigned by him to defendant Pierce, who duly filed the same for record. At the time plaintiff took the indemnifying deed from Henry on the Broadmoor property, she knew of the unrecorded mortgage held by Helmerich on the Sunset property.

Defendant Pierce, under these facts, admits that plaintiff took title to the Sunset property free from Helmerich's mortgage, but contends that his mortgage on the Broadmoor property, although taken after that of plaintiff, is superior thereto, and in support of this contention seeks to invoke the following rule:

"When property impressed with a trust is exchanged for other property, the cestui que trust may pursue the property so exchanged and have the same impressed with said trust, unless it has come into the hands of a bona fide purchaser for value."

This is a correct statement of the law, but we do not think it is applicable to the facts in this case. It is urged that, when defendant Henry traded the Sunset property on which he held a mortgage to plaintiff for the Broadmoor property, the mortgage on the Sunset property attached by virtue of the trade to the Broadmoor property. This contention cannot be sustained. The execution of the mortgage by defendant Henry to Helmerich did not operate to transfer any interest, estate, or title to

the property. It simply created a lien against the property for the amount of the debt, and did not create a trust estate in the property as that term is ordinarily understood, and, for that reason, the rule contended for herein is not applicable.

In the case of In re Rolater, 67 Okla. 215, 170 P. 507, it is held that a mortgage is merely a lien to secure payment of a debt and transfers no title to real property.

See, also, In re Baxter, 132 Okla. 289, 270 P. 565; Litz v. Bank, 15 Okla. 564, 83 P. 790; Gillett v. Romig, 17 Okla. 324, 87 P. 325; and Exchange Nat. Bank v. Champion, 123 Okla. 53, 251 P. 1017.

Plaintiff's mortgage is valid and binding between the parties, and having been executed and recorded prior to the execution of defendant's mortgage, operates as a prior lien on the premises. The trial court committed no error in so holding and its judgment is affirmed.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.

Note.—See under (1), 19 R. C. L. 439, 440.