## ABRAHAM et ux. v. MIKE.

No. 26345.   Dec. 8, 1936.

Rehearing Denied Jan. 5, 1937.

Johnson & Jones and H. L. Arthurs, for plaintiffs in error.

William L. Cheatam and Lloyd L. Smith, for defendant in error.

PER CURIAM.   Frank Mike, plaintiff in the court below, obtained a judgment on the p'eadings against Ed Abraham and Nellie Abraham upon a negotiable promissory note for the principal sum of $12,000 and the foreclosure of a real estate mortgage covering approximately 600 acres of land. In his petition the plaintiff, Mike, alleges that the note sued on was "delivered into the possession of the defendant Ed Abraham, and that the defendant Ed Abraham now has in his possession the note for $12,000 sued upon in this action, and that the said Ed Abraham should be required to produce the same."

The record discloses that at a former hearing judgment had been rendered in favor of the defendants on the issue of payment raised by their answer, but a new trial was thereafter granted on motion of the plaintiff. Whereupon, the defendants filed an amended answer pleading partial payments and discharge by renunciation and also by accord and satisfaction.   When a demurrer was sustained to this amended answer, the defendants filed a second amended answer setting forth the same defenses with slight modification.   Plaintiff then moved to strike the second amended answer on the ground that it contained no new matter and moved for judgment on the pleadings, both of which motions were sustained.   In view of the fact that one trial has already been held in this case, and the court seems confused as to the law applicable thereto, we think a termination of the litigation may be expedited by a ruling on all the major issues presented in this appeal.

It is elementary that if the amended answer or second amended answer stated any defense to the cause of action, even though imperfectly alleged, the trial court erred in sustaining the demurrer and motion to strike.

Both of these answers charged partial payments on the note, and alleged that the plaintiff had received all rents, profits and revenues for the years 1931 and 1932 from the lands included in the mortgage. In the concluding paragraph of both of these answers the defendants charged that the indebtedness and note had been discharged and satisfied. These allegations raised an issue of fact as to the amount due on the note, if any, on which the defendants were entitled to present their evidence. The petition, on which the judgment was rendered, claimed the full amount of principal, interest and attorney's fees. After the court sustained the motion to strike the second amended answer, there was nothing left on which to base a judgment except the petition of the plaintiff, yet in its decree the court allowed a credit of $998.89. This credit tends to substantiate defendants' defenses of partial payment. Certainly this credit could not have been allowed by the court without consideration of some evidence outside the petition. Until the defendants have had their day in court on their plea of partial payments, there is no way to determine whether this sum represents the full amount of credit to which they are entitled.

A more difficult question is whether the allegations of the answers are sufficient to plead the defenses of discharge by renunciation and accord and satisfaction.

Defendants allege that by virtue of a verbal contract consummated and executed on January 9, 1933, the plaintiff released and relinquished the defendants and each of them from any and all future liability or obligation on account of the note, and pursuant to such oral renunciation delivered the note to the defendant Ed Abraham, the primary obligor. Plaintiff's petition acknowledges delivery of the note to the defendant without specifying any cause or excuse for its possession by the defendants.

In the recent case of Kotzman v. Condit, 169 Okla. 422, 32 P. (2d) 412, 98 A. L. R. 290, this court followed the general rule that a negotiable instrument can be discharged only in the manner prescribed by the Negotiable Instruments Act. Our section 11418, O. S. 1931, specifies several ways by which a note may be discharged, one being:

"When the principal debtor becomes the holder of the instrument at or after maturity in his own right."

Another method of discharge is prescribed under section 11421, O. S. 1931:

"The holder may expressly renounce his rights against any party to the instrument, before, at or after its maturity. An absolute and unconditional renunciation of his rights against the principal debtor made at or after the maturity of the instrument, discharges the instrument. But a renunciation does not affect the rights of a holder in due course without notice. A renunciation must be in writing, unless the instrument is delivered up to the person primarily liable thereon."

Plaintiff herein urges that the statute requires a renunciation to be in writing. This is true unless, as pleaded in the case at bar, the instrument is delivered up to the person primarily liable thereon. Saak v. Clawson, 138 Okla. 126, 280 P. 598, establishes the rule in this state that such renunciation may be proved by parol testimony where, as alleged in the case at bar, the note has been surrendered and delivered to the principal debtor. Daniel on Negotiable Instruments (6th Ed.) par. 1288, lays down the rule thus:

"If the holder of a bill or note renounces his claim and gives up the instrument, the drawer and indorsers are as much discharged as by payment and he cannot sue the maker or makers on it."

That a renunciation may be gratuitous is held by numerous authorities, including Gannon v. Bronston (Ky.) 55 S. W. (2d) 358, 86 A. L. R. 324.

Plaintiff does not charge that he is the owner or lawful holder of the note, nor does he say that the amount unpaid on the note is due to him. The most favorable construction we can place on these pleadings from the plaintiff's point of view is that the allegations raise a controversy as to how the maker of the note came into the possession thereof. As the court held in Caulk v. Carlson, 44 Okla. 532, 145 P. 335, where the possession of the note by a maker is admitted and the parties are in dispute as to how the maker came into possession thereof, the defendants are entitled to have determined by the jury the question whether the note and indebtedness have been discharged and satisfied by such delivery.

The amended answer and second amended answer contains sufficient allegations to raise an issue on discharge by renunciation, which the defendants were entitled to have submitted to a jury.

On the defense of discharge by accord and satisfaction, the defendants' answers allege in substance that there was a dispute between the parties with regard to the balance, and on January 9, 1933, after maturity, the defendants agreed to convey to the

plaintiff all their oil and gas mineral rights in a certain quarter section of land, included in the mortgage, which was worth at least $16,000; that they were then ready and willing to deliver a deed covering the oil and gas mineral rights under that quarter section, but that plaintiff stated such deed was not necessary because the defendants had theretofore made an assignment to plaintiff of their share of the proceeds from oil and gas produced from the land; that by mutual mistake both parties had considered the assignment sufficient to convey title to the plaintiff, but having been informed such an assignment was not sufficient, defendants tendered a deed effective as of the date of the contract. Defendants allege that the note sued on was surrendered and delivered up to the defendants pursuant to this agreement.

In support of the court's judgment plaintiff urges that this purported oral agreement, as pleaded by defendants, set forth only an executory accord without satisfaction and without acceptance; that the release was without consideration; that the oral agreement to convey an interest in the oil and gas royalty was void under the statute of frauds.

The delivery of the note to the defendant maker under the alleged oral agreement distinguishes the instant case from that of Houston Bros. v. Wagoner, 28 Okla. 367, 114 P. 1106, and other similar cases cited by the plaintiff. In our state a mortgage is a mere lien or security for the payment of money and does not convey any title to the mortgagee. Gillett v. Romig, 17 Okla. 324, 87 P. 325; Pierce v. Duckett, 157 Okla. 20, 10 P. (2d) 697.

The language of these answers is sufficient to charge that the plaintiff accepted the share of defendants in the proceeds from the sale of oil and gas produced from this particular tract, in settlement and satisfaction of the note. Such an agreement is not one to assign an interest in an oil and gas lease, and therefore need not be in writing. West v. Anderson, 171 Okla. 165, 42 P. (2d) 543.

If the amended answers be construed to plead only a conveyance of interest in land, the performance on the part of the plaintiff by delivery of the note to the maker would be sufficient to remove this alleged oral agreement from the statute of frauds. According to the defendants' answers, plaintiff executed and delivered the note to the primary debtor with intent to discharge the debt. The discharge of the note extinguishes the plaintiff's lien upon the land covered by the mortgage. There remained for him only the formal duty of evidencing this extinguishment by the execution of a written release. The answers alleged this release should be delivered upon request of the defendants. Section 11266, O. S. 1931, prescribes the penalty which could have been enforced against the plaintiff had he failed on proper request to release the mortgage, but his failure to release would not prevent the extinguishment of his lien in fact.

If the defendants had obtained the delivery of their promissory note under an agreement to execute a conveyance of the oil and gas mineral rights, then their refusal to perform by executing proper deed would have amounted to a fraud upon the plaintiff. Under such circumstances, this court could compel specific performance of the contract, even though it related to an interest in real estate. Fox v. Fox, 117 Okla. 46, 245 P. 641; King v. Gant, 77 Okla. 105, 186 P. 960. The allegations of the answers are sufficient to take this oral contract out of the statute of frauds.

Absolute ownership of the oil and gas rights in the quarter section involved in the agreement of settlement is a greater interest therein than the lien on the real estate, and according to the allegations of the petition the property was of a value far in excess of the indebtedness. Furthermore, the answers alleged the balance payable was in dispute. No additional consideration was therefore necessary to make the agreement of discharge binding. Sherman v. Pacific Coast Pipe Co., 60 Okla. 103, 159 P. 333.

We therefore hold that the trial court committed prejudicial error in sustaining the plaintiff's demurrer to the amended answer, in sustaining plaintiff's motion to strike the second amended answer, in sustaining the motion for judgment on the pleadings, and in rendering judgment for the plaintiff.

The judgment of the lower court is therefore reversed, with directions to proceed with the trial of this cause in accordance herewith.

The Supreme Court acknowledges the aid of Attorneys Kittie C. Sturdevant, Malcolm W. McKenzie, and Calvin Jones in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council and approved by the Supreme Court.

After the analysis of law and facts was prepared by Miss Sturdevant and approved by Mr. McKenzie and Mr. Jones, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.