**BRADBURN v. NOLEN.**

No. 3300.

Circuit Court of Appeals, Tenth Circuit.

Feb. 4, 1947.

934

Creekmore Wallace and Don Anderson, both of Oklahoma City, Okl. (B. E. Harkey, of Oklahoma City, Okl., and Roy White, of Eufaula, Okl., on the brief), for appellant.

Alfred Stevenson, of Holdenville, Okl., and Charles Champion, of Tulsa, Okl., (Charles P. Gotwals, of Tulsa, Okl., and Martin L. Frerichs, of Okemah, Okl., on the brief), for appellee.

Before PHILLIPS and MURRAH, Circuit Judges, and BROADDUS, District Judge.

PHILLIPS, Circuit Judge.

Nancy Bradburn, by Sukey Jenkins, her daughter and next friend, brought this action against Nolen to cancel a deed dated December 15, 1941, running from Nancy to Nolen and purporting to convey a tract of land situated in Okfuskee County, Oklahoma. Notice was served upon the Superintendent for the Five Civilized Tribes, and the United States filed a complaint in intervention in behalf of the heirs-at-law of Lessey Hawkins Chisholm. Thereafter, one of Lessey's heirs died and his heirs were substituted as parties plaintiff.

Nancy and Lessey were sisters. Their father was Cussehta Yarhola. Cussehta, during his lifetime, executed a trust agreement by which he transferred certain property to Hill Moore and Washington Grayson, as trustees. D. W. Johnston was appointed successor trustee to Moore, upon the latter's resignation. After the death of Cussehta, the District Court of Okfuskee County, Oklahoma, entered a decree adjudging that the heirs of Cussehta were the sole and only beneficiaries under the trust. Cussehta left a will, but the County Court of Okfuskee County, Oklahoma, adjudged that the property which had been transferred under the trust agreement did not pass under the will, but descended to Nancy and Lessey as the heirs of Cussehta.

On December 23, 1925, O. S. Baldwin and Blanche Baldwin borrowed the sum of $4,000 from the trustees and, to secure the payment thereof, executed and delivered a mortgage covering certain land in Okfuskee County, Oklahoma. Thereafter, the trustees transferred the indebtedness and the mortgage to Lessey and Nancy by written assignment. Thereafter, on February 28, 1938, the Baldwins by deed conveyed the land to Lessey and Nancy in payment and satisfaction of the mortgage indebtedness. On June 3, 1939, Lessey by deed transferred her undivided interest in the land to Nancy.

On December 15, 1941, Nancy executed and delivered to Nolen the deed here in question, conveying a portion of such land to Nolen. Neither the deed from Lessey to Nancy, nor the deed from Nancy to Nolen, was approved by the County Court of Ok-

fuskee County, or any other county court in Oklahoma.

The trial court held that the land was not restricted, and that the deeds from Lessey to Nancy and from Nancy to Nolen were valid, and entered judgment in favor of Nolen. Nancy has appealed.

Lessey and Nancy did not inherit the land from their father. What they inherited was the indebtedness and the mortgage securing such indebtedness. Under the laws of Oklahoma, a mortgage on real estate creates only a lien in favor of the mortgagee and neither the legal nor the equitable title passes to the mortgagee. The mortgagor's title is not divested until foreclosure and sale.[1]

Neither Lessey nor Nancy acquired an interest in the land from the trustees. They discharged the mortgage indebtedness in consideration of a conveyance of the land to them, and thus acquired the land by purchase. It follows that the land was not restricted and the deeds were not void for want of approval by a county court.

Furthermore, the land was not restricted while the title thereto was held by the Baldwins; and if it had become restricted when the title thereto passed to Lessey and Nancy, the resulting invalidity in the deeds from Lessey to Nancy and from Nancy to Nolen would have been cured by the Act of July 2, 1945, 59 Stat. 313, 25 U.S.C.A. § 355 notes.[2]

The consideration for the deed to Nolen was legal services rendered to Nancy by Nolen. The proof wholly failed to show that the consideration was inadequate. At Nancy's request, Nolen appeared as special prosecutor in the trial of a person charged with the murder of her husband and secured a conviction. He appeared as her counsel in an action brought against her for alienation of affections. He also rendered legal services to her in connection with a substantial number of minor matters. We think the proof showed the legal services rendered were a fair and adequate consideration for the conveyance.

What we have said in our opinon in No. 3299, Bradburn v. McIntosh, 10 Cir., 1947, 159 F.2d 925, disposes of the issues with respect to Nancy's competency and the validity of the proceedings and order restoring her to capacity.

Nolen had no knowledge of, and was in nowise connected with, the transactions relied upon to establish the alleged fraud.

Affirmed.

---

[1] Balduff v. Griswold, 9 Okl. 438, 60 P. 223, 225; Pierce v. Duckett, 157 Okl. 20, 10 P.2d 697, 698; In re Baxter, 132 Okl. 289, 270 P. 565, 566.

[2] See Goddard v. Frazier, 10 Cir., 156 F.2d 938.